UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM VERMIE,<br><br>Defendant. | NO.: 26-mj-71 (MJD/JFD)<br><br>**MOTION TO DISMISS FOR OUTRAGEOUS GOVERNMENT MISCONDUCT AND FOR AN EVIDENTIARY HEARING** |

Mr. Vermie moves this Court to dismiss the information because the Government engaged in outrageous conduct in violation of the Due Process clause of the Fifth Amendment. The defense of outrageous government conduct focuses on the Government's actions. *See United States v. Cannon,* 88 F.3d 1495, 1506 (8th Cir.1996). Outrageous Government conduct occurs "[w]here the government essentially generates a new crime for the purpose of prosecuting it or induces a defendant to become involved for the first time in certain criminal activity, as opposed to merely interposing itself in an ongoing criminal enterprise. *United States v. Mosley*, 965 F.2d 906, 911 (10th Cir. 1992) (citing cases); *see also United States v. Boone,* 437 F.3d 829, 842 (8th Cir. 2006); *United States v. Pardue,* 983 F.2d 835, 841 (8th Cir.1993); *United States v. Huff,* 959 F.2d 731, 734 (8th Cir.1992); *United States v. Mazzella,* 768 F.2d 235, 238 (8th Cir.1985).

When a defendant raises "specific facts that are sufficient to raise a significant doubt about the propriety of the government's actions," this Court should hold an evidentiary hearing to develop the facts relevant to the defendant's defense of outrageous government

misconduct. *See United States v. Valona*, 834 F.2d 1334, 1340 (7th Cir. 1987) (cited in *United States v. Kelley*, 152 F.3d 881, 885 (8th Cir. 1998).

On January 13, 2026, Immigration and Customs Enforcement employees were conducting a deportation operation in Minneapolis. Law enforcement officers created a line in front of a residence as an individual was escorted out of the house by ICE. An ICE employee alleges that while he was standing in the line Mr. Vermie ran up to the line of law enforcement officers in an aggressive manner. The original felony criminal complaint alleges that the ICE employee commanded Mr. Vermie to get back. (ECF No. 1-1 at 3). The complaint goes on to allege that, "instead, VERMIE struck the DO's hand in a forcible downward motion. The DO repeated the command for Vermie to retreat and outstretched his arms again. Vermie again struck the DO." (ECF No. 1-1 at 3).

When the ICE employee was interviewed later that day by a Homeland Security Investigations employee, the ICE employee was asked to explain what happened. He told HSI that as he stood in the line with law enforcement he saw an individual run toward the crowd and push his way through the crowd. The ICE employee described the actions as, "you know when a child runs up and like pops himself in front of you like Hey, he did that." The interviewing HSI employee then stated, "You pushed him because he's within your arm's length, right?" The ICE employee answered, "Yes." It was a result of the push by the ICE employee that Mr. Vermie allegedly "swatted" the ICE employee's hand away. The ICE employee then reported that he did the same sequence again and Mr. Vermie allegedly "swatted" the ICE employee's hand away again. After the second alleged "swat" by Mr. Vermie the ICE employee took Mr. Vermie to the ground to effectuate an arrest.

The Ice employee was not injured.

On January 13, 2026, Mr. Vermie was exercising his First Amendment rights when an ICE employee pushed Mr. Vermie. Mr. Vermie's alleged response was a reaction to the ICE employee's aggressive actions. Physically interfering with Mr. Vermie's First Amendment rights is outrageous government conduct. The Government's presentation to this Court of an affidavit that does not include information that it was the ICE employee that made the first physical contact is outrageous. Mr. Vermie will offer the ICE employee's recorded statement in support of his motion, but an evidentiary hearing will also help demonstrate that the ICE employee's actions created a false basis to arrest Mr. Vermie.

Dated: March 13, 2026.                                  Respectfully submitted,

*s / Aaron J. Morrison*
AARON J. MORRISON
Attorney No. 0341241
Attorney for Mr. Vermie
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

3